### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**DARRELL BANKSTON, #R1725**                                                                 **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO.  3:08-cv-383-DPJ-JCS**

**GEORGE C. CARSON, JR.**                                                                 **DEFENDANT**

#### ORDER

Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed on

June 20, 2008, a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis*

status.  On July 24, 2008, an Order [3] was entered denying Plaintiff's request to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes"

provision.  The Order directed Plaintiff to pay the full filing fee of  $350.00, within thirty

days.  The Order warned Plaintiff that failure to timely comply with the requirements of the

Order would lead to the dismissal of his complaint.  Plaintiff failed to comply with this order.

On September 18, 2008, an Order [4] was entered directing Plaintiff to show cause

within fifteen days why this case should not be dismissed for his failure to comply with the

Court's July 24, 2008 order.  In addition, the Plaintiff was directed to comply with the Order

of July 24, 2008, within fifteen days.  The Order to Show Cause warned Plaintiff that failure

to timely comply with the requirements of the Order would lead to the dismissal of his

complaint without further notice.  Plaintiff failed to comply with this order.

---

[1]  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has not paid the filing fee, thereby failing to comply with two Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE